IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

MD HASAN,

      Petitioner,

    v.                                 Case No. 1:26-cv-01370 KWR-DLM

WARDEN, *Torrance County Detention Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal*,
*U.S. Immigration and Customs Enforcement*,
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained since he was apprehended at the border on February 22, 2025. At the time of his detention at the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Petitioner nevertheless asserts that he should receive a bond hearing under 8 U.S.C. § 1226(a) and his detention is prolonged in violation of his due process rights under the Fifth Amendment. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

Petitioner is a citizen of Bangladesh. Border Patrol encountered Petitioner near Nogales, Arizona on February 22, 2025. Doc. 5 at 2. Respondents assert he was apprehended within fourteen days of his entry into the United States and within one hundred miles of the United States border. *Id.* Petitioner admits that he has been detained since the day he crossed the border. Pet. ¶ 6, Doc. 1.

An order of expedited removal was entered on February 22, 2025. *Id.* However, in April 2025 Petitioner indicated that he was seeking asylum and has a fear of persecution. *Id.* He was interviewed to determine whether he could establish a credible fear. *Id.* Respondents found that Petitioner did not establish credible fear, and he was placed back in expedited removal proceedings. *Id.*

Petitioner made a second claim of fear in November 2025, and DHS again found that he did not establish credible fear. In late January 2026, Petitioner was issued a Notice to Appear. Doc. 5 at 2. It appears Petitioner is now in regular removal proceedings.

Petitioner asserts that his prolonged detention violates his due process rights under the Fifth Amendment. He also asserts that he should be placed under the discretionary detention provisions of 8 U.S.C. § 1226(a), and he should receive a bond hearing. Respondents assert that Petitioner has been detained since he unlawfully entered the United States and is therefore mandatorily detained under 8 U.S.C. § 1225(b). Petitioner admits that he has been detained since the day he arrived in the United States. Pet. ¶ 6. As explained below, the Court denies Petitioner's claims.

*First*, it is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner admits he was apprehended the day he arrived in the United States, and he has remained detained since that day. Pet. ¶ 6. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings*

2

*v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained at the border.  He is either an arriving alien under § 1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.

*Second*, Petitioner asserts that his due process rights were violated, as his detention is prolonged. As explained below, the Court concludes that Petitioner has not demonstrated that the length of his detention violates due process such that a bond hearing is warranted. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). A noncitizen who is considered to have not entered the country is only entitled to "the procedure authorized by Congress." *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)). However, once a noncitizen "enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

Because Petitioner is deemed to not have effected an entry into the country, his procedural due process rights are limited to those set forth by Congress. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 140 (2020). Generally, "an alien who is detained shortly after unlawful entry cannot be said to have effected an entry. Like an alien detained after arriving at a port of entry, an alien like respondent is on the threshold." *Id.* (internal citations and quotation marks omitted). A noncitizen in Petitioner's "position has only those rights regarding admission that Congress has provided by statute." *Id.*; *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Ordinarily, then, '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.' ") (quoting in part *United States ex rel. Knauff v. Shaughnessy,* 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950)). Here, Petitioner was detained at the border and deemed not to have effected an entry into the country. Therefore, his procedural due process rights are limited to those provided by Congress. *Thuraissigiam,* 591 U.S. at 140. Here, § 1225(b) mandates his detention pending a decision on his removal.

Based in part on these above cases, some district courts in this circuit have held there is no procedural due process violation for prolonged detention where the noncitizen is held under § 1225(b). *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (concluding petitioner, detained under 8 U.S.C. § 1225(b)(2)(A), "has no statutory right to release or a bond hearing" and thus "has no due-process right to the relief requested."); *Richards v. Choate,* No. 1:25-CV-03134-DDD-STV, 2025 WL 4474703, at *4 (D. Colo. Dec. 5, 2025).

To be sure, some courts have held that noncitizens detained under § 1226(a) are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018);

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] But here, Petitioner is detained under § 1225(b), not § 1226. Therefore, the Court need not decide which line of cases to follow. Petitioner has not argued or cited to any authority or test to determine whether or when detention under § 1225(b) violates due process.[2] As explained below, the Court declines to argue this point for Petitioner.

*Third,* Petitioner also does not expressly argue that his detention violates substantive due process. Considering the burden of proof as well as principles of party presentation, the Court declines to adjudicate a substantive due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his

---

[1] *Borbot* and *Rodriguez Diaz* noted that its rulings were fact-dependent, and they did not rule out requiring an additional bond hearing in future cases.
[2] Petitioner cites to some cases under § 1226 and *Zadvydas*. As explained below, the Court rejects the *Zadvydas* cases.

immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Petitioner does not expressly raise a substantive due process claim. Therefore, the Court declines to raise a substantive due process claim on his behalf.

Alternatively, to the extent the Court must raise a substantive due process claim, the Court concludes that Petitioner's current detention is not punitive and does not violate substantive due process. Petitioner, although never effectuating an entry into the country, maintains substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the

6

conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

Here, Petitioner has not argued or demonstrated that his detention is punitive or not related to a legitimate purpose. Petitioner has been detained for approximately fifteen months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Respondents issued an expedited removal order, and Petitioner subsequently asserted a fear of persecution multiple times. Petitioner does not argue or show that the ongoing proceedings are a ruse "to incarcerate [him] for other reasons." *Demore v. Kim*, 538 U.S. 510, 553 (2003) (Kennedy, J., concurring). Therefore, it is clear that Petitioner is being detained pending a decision on removal, and not to merely punish him. Petitioner has not demonstrated that a decision will not occur. Moreover, his detention is reasonably related to the legitimate purpose of adjudicating his removal and ultimately removing him from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal. Therefore, Petitioner's substantive due process claim fails.

*Fourth,* Petitioner appears to assert that his detention violates *Zadvydas*. *See* Pet. ¶¶ 47, 48 (citing to a case releasing a noncitizen under *Zadvydas*). *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It addressed the unique situation where a final order of removal was entered, but it was not significantly likely in the reasonably forseeable future that the noncitizen would be removed from the country, leading to indefinite detention. *Id.* at 690, 701. However, the *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and

(b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). Thus, *Zadvydas* does not apply here, as a final order of removal has not been entered.

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226 was not entitled to relief under *Zadvydas* for indefinite detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). The *Mwangi* court reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. *Id.* Here, Petitioner has been detained for approximately fifteen months, and he does not present any facts suggesting that a decision on his removal will not occur. Respondents issued an expedited removal order, and subsequently Petitioner asserted a fear of persecution multiple times. It appears he is now in regular removal proceedings. Petitioner has not given any reason to believe that a decision on his removal will not be issued or that he is not removable. Therefore, Petitioner's *Zadvydas* claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE